OPINION
{¶ 1} Appellant Wendy Hippert, the natural mother of Jordan and Austin Carr, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights and granted permanent custody of the two children to the Stark County Department of Job and Family Services. Appellant assigns two errors to the trial court:
 {¶ 2} "I. The judgment of the trial court that the Minor Child [sic] cannot or should not be placed with appellant is against the manifest weight of the evidence.
 {¶ 3} "II. The judgment of the trial court that the best interests of the Minor Child [sic] would be served by granting permanent custody to SCDJFS is against the manifest weight of the evidence."
 {¶ 4} The trial court found the children to be dependent on July 30, 2003, and approved appellee's proposed case plan for each parent. At the time, the children were age five and two. The case plan to reunify the family included having the parents evaluated for substance abuse, and follow up with treatment as recommended, undergo psychological evaluations and follow all recommendations, complete classes at Goodwill Parenting, and obtain adequate housing. The plan called for appellant to attend "Renew for Domestic Violence", and for the father to attend "Melymbrosia" for anger management. On March 16, 2004, appellee filed a motion for permanent custody.
 {¶ 5} R.C. 2151.414 governs the termination of parental rights. The statute requires the juvenile court to find by clear and convincing evidence that the grant of permanent custody to the petitioning agency is in the best interest of the child, and also that the child cannot or should not be placed with either parent within a reasonable time.
 I. {¶ 6} In her first assignment of error, appellant urges the trial court's determination her children cannot be placed with her within a reasonable time was against the manifest weight and sufficiency of the evidence. R.C. 2151.414 (E) sets forth the factors to be weighed in determining whether a child cannot or should not be placed with either parent within a reasonable time:
 {¶ 7} (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 8} (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code.
 {¶ 9} (3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03
of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 {¶ 10} (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 11} (5) The parent is incarcerated for an offense committed against the child or a sibling of the child;
 {¶ 12} (6) The parent has been convicted of or pleaded guilty to an offense under division (A) or (C) of section 2919.22 or under section 2903.16, 2903.21, 2903.34, 2905.01, 2905.02,2905.03, 2905.04, 2905.05, 2907.07, 2907.08, 2907.09, 2907.12,2907.21, 2907.22, 2907.23, 2907.25, 2907.31, 2907.32, 2907.321,2907.322, 2907.323, 2911.01, 2911.02, 2911.11, 2911.12, 2919.12,2919.24, 2919.25, 2923.12, 2923.13, 2923.161, 2925.02, or 3716.11
of the Revised Code and the child or a sibling of the child was a victim of the offense or the parent has been convicted of or pleaded guilty to an offense under section 2903.04 of the Revised Code, a sibling of the child was the victim of the offense, and the parent who committed the offense poses an ongoing danger to the child or a sibling of the child.
 {¶ 13} (7) The parent has been convicted of or pleaded guilty to one of the following:
 {¶ 14} (a) An offense under section 2903.01, 2903.02, or2903.03 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense was a sibling of the child or the victim was another child who lived in the parent's household at the time of the offense;
 {¶ 15} (b) An offense under section 2903.11, 2903.12, or2903.13 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense is the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense;
 {¶ 16} (c) An offense under division (B)(2) of section2919.22 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to the offense described in that section and the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense is the victim of the offense;
 {¶ 17} (d) An offense under section 2907.02, 2907.03,2907.04, 2907.05, or 2907.06 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense is the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense;
 {¶ 18} (e) A conspiracy or attempt to commit, or complicity in committing, an offense described in division (E)(7)(a) or (d) of this section.
 {¶ 19} (8) The parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it for a purpose other than to treat the physical or mental illness or defect of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body.
 {¶ 20} (9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 {¶ 21} (10) The parent has abandoned the child.
 {¶ 22} (11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 23} (12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
 {¶ 24} (13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 {¶ 25} (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 {¶ 26} (15) The parent has committed abuse as described in section 2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
 {¶ 27} (16) Any other factor the court considers relevant.
 {¶ 28} The trial court found the parents have demonstrated a lack of commitment towards the children by failing to regularly support, communicate, or visit with the children when able to do so, had not contributed in any way to the care and support of the children, and have demonstrated an unwillingness to provide food, shelter and other basic necessities. The court found the agency has made reasonable efforts to remedy the concerns which were the cause of the children's original removal but the parents have continually and repeatedly failed to substantially remedy the conditions which caused the children to be placed outside the home.
 {¶ 29} The trial court found appellant had not completed any requirement of the case plan. She did not follow up with psychological evaluation and counseling, and did not comply with the required random urine drops at Quest. The court found appellant had begun attending the Goodwill program, but was terminated, and found she had not obtained suitable housing.
 {¶ 30} We have reviewed the record, and we find the trial court's findings of fact are supported by clear and convincing evidence in the record.
 {¶ 31} The first assignment of error is overruled.
 II {¶ 32} In her second assignment of error, appellant argues the trial court's judgment that it was in the best interest of the children to grant permanent custody was against the manifest weight and sufficiency of the evidence.
 {¶ 33} R.C. 2151.414 (D) sets forth the factors a court must consider in finding by clear and convincing evidence an award of permanent custody is in the children's best interest. Those factors are:
 {¶ 34} (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 35} (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 36} (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 37} (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 38} (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 39} The trial court found DJFS has identified a licensed foster-to-adopt family interested in providing a permanent home for both children. The court found a transition to the foster-to-adopt home will be beneficial to the children and will not cause undue emotional damage. The court found the children had made significant improvements in meeting normal, developmental benchmarks. The court found appellant had visited the children semi-regularly, and found the harm done by severing the bond between the mother and the minor children is outweighed by the benefit of insuring the children have a safe, stable, and permanent home. The court also found the children are adoptable, and deserved to be in a stable, loving environment where they can thrive and have their needs met on a daily basis.
 {¶ 40} We have reviewed the record, and we find there is sufficient, competent and credible evidence to permit the trial court to make these findings by clear and convincing evidence.
 {¶ 41} The second assignment of error is overruled.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., Concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.